IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDA YONKER,<br><br>          Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>          Defendant. | 8:25CV343<br><br>**ORDER** |

    This matter is before the Court on plaintiff Brenda Yonker's ("Yonker") Petition for Attorney's Fees (Filing No. 19) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). That statute authorizes the Court to award "fees and other expenses" to a prevailing party in any civil action "brought by or against the United States," unless the Court determines the government's position was "substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A).

    Yonker asks for $3,613.26 in attorney fees. *See id.* § 2412(d)(1), (2). That total consists of 14 hours of attorney work in 2025 by two attorneys at $258.09 per hour. *See* 28 U.S.C. § 2412(d)(2)(A) (providing for a fee award in excess of $125 per hour if warranted by an increase in the cost of living); *see also Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (concluding that "the Consumer Price Index constitutes 'proper proof' of increased cost of living" and can justify an increased EAJA attorney fee award). Yonker requests the award be made payable to her counsel of record, Wes Kappelman.

    Defendant Frank Bisignano, Commissioner of Social Security ("Commissioner"), does not object to Yonker's request for fees (Filing No. 20) or argue that his position in this case was substantially justified. On that point, the Court notes it reversed and remanded this case on October 7, 2025, for further consideration (Filing No. 17) and

1

entered judgment in Yonker's favor (Filing No. 18) on the Commissioner's motion (Filing No. 15).

The Commissioner asks the Court to enter an award "to be paid by the Social Security Administration." He notes, however, that such an award is payable to Yonker but may be subject to offset under *Astrue v. Ratliff*, 560 U.S. 586, 589-90 (2010). He further states that after this Court awards fees to Yonker, he "will verify whether [Yonker] owes a debt to the United States that is subject to offset" and if there is not debt, the fee can then be made payable to Yonker's attorney based on their fee agreement.

Having carefully reviewed the parties' submissions on this issue and the balance of the record in this case, the Court finds Yonker is a prevailing party entitled to an EAJA fee award of $3,613.26 to be paid by the Social Security Administration. The Court agrees with the parties that Yonker has satisfied the statutory requirements under the EAJA, *see* 28 U.S.C. § 2412(d)(1)(A), and her request for attorney fees is timely, reasonable, and adequately supported. Accordingly,

IT IS ORDERED:

1. Plaintiff Brenda Yonker's petition for attorney's fees (Filing No. 19) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), is granted.
2. Yonker is awarded attorney fees in the amount of $3,613.26.
3. The Social Security Administration shall make the fee award payable to Yonker and deliver the payment less any applicable offset to the Kappelman Law Firm at its address of record for distribution.
4. A separate judgment will issue.

Dated this 18th day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge